**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 23-1884**

─────────────

JESSICA STROTHER,

        Plaintiff - Appellant,

    v.

COUNTY OF ALBEMARLE,

        Defendant - Appellee.

─────────────

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.  Norman K. Moon, Senior District Judge.  (3:23-cv-00012-NKM-JCH)

─────────────

Submitted:  November 21, 2023               Decided:  November 27, 2023

─────────────

Before WILKINSON and NIEMEYER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

Jessica Strother, Appellant Pro Se.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jessica Strother seeks to appeal the district court's order dismissing her claims, filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, pursuant to Fed. R. Civ. P. 12(b)(6). We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on July 7, 2023. Strother filed the notice of appeal on August 8, 2023.[*] Because Strother failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] This court received Strother's notice of appeal on this date. *See* Fed. R. App. P. 4(d) (providing that notice of appeal mistakenly filed in court of appeals is considered filed in the district court on the date so noted).

2